UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDRIS CRIGLER,

    Plaintiff,

v.

                                  Civil Case No. 22-10211
                                  Honorable Linda V. Parker

DETROIT RENAISSANCE
FUND FOREIGN LLC,
WAYNE COUNTY TREASURER,
and DAMOND WILLIAMS,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

On February 3, 2022, Plaintiff filed this lawsuit against Defendants. Plaintiff appears to be challenging the foreclosure sale of property located at 13831 Carlisle in Detroit, Michigan, and attempts to evict him from the property subsequent to the sale. (*See* Compl. at 5, ECF No. 1 at Pg ID 5.) Defendants are the Detroit Renaissance Fund Foreign LLC, the Wayne County Treasurer, and Damond Williams. (*Id.* at 2, Pg ID 2.) This Court lacks subject matter jurisdiction to adjudicate Plaintiff's Complaint and therefore is summarily dismissing this action.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

"Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). As a general rule, federal courts have jurisdiction only over matters arising under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 18 U.S.C. § 1332. Complete diversity exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); *see also* 28 U.S.C. § 1332(a)(1). A court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) where subject matter jurisdiction is lacking. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)).

Even when read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's Complaint does not assert a claim arising under federal law. His Complaint reflects that diversity jurisdiction is lacking as he is a Michigan citizen and so is the Wayne County Treasurer and Damond Williams. (Compl. at 2, ECF No. 1 at Pg ID 2.)

Plaintiff's challenges to the foreclosure and eviction are claims most properly pursued through the Michigan state courts. Further, any appeal of a decision by the State's 36th District Court (*see* Compl. at 5, ECF No. 1 at Pg ID 5) must be challenged through the State's appellate process. Review of final determinations in state judicial proceedings can be obtained only through the state courts and, then, in the United States Supreme Court. 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is sua sponte **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager